IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNADI MIKHAILIK,<br><br>    Plaintiff,<br><br>v.<br><br>ALBERTO GONZALEZ, Attorney General of the United States, et al.<br><br>    Defendants. | No. C 04-0904 FMS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

INTRODUCTION

Plaintiff Gennadi Mikhailik ("Mikhailik") and defendants Alberto Gonzalez et al. (hereinafter, the "United States Citizenship and Immigration Services" or "USCIS") move for summary judgment in this immigration case. For the reasons set forth below, the Court GRANTS the USCIS's motion for summary judgment and DENIES Mikhailik's motion for summary judgment.

BACKGROUND

Mikhailik, a native of the Ukraine and a citizen of Canada, filed this action to challenge the USCIS's denial of his petition for permanent resident status. In 2001, Mikhailik filed a petition with the USCIS for an employment-based immigrant visa under 8 U.S.C. § 1153. Compl. at 1-2. He sought an immigrant visa as a member of the category of "aliens who are members of the professions

holding advanced degrees or aliens of exceptional ability." 8 U.S.C. § 1153(b)(2).  In general, applicants under this provision must show not only that they are members of this category of aliens, but also that their "services in the sciences, arts, professions, or business are sought by an employer in the United States" (referred to as a "labor certification"). 8 U.S.C. § 1153(b)(2)(A).  Under 8 U.S.C. § 1153(b)(2)(B), however, the "Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirement of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States."  In his petition to the USCIS, Mikhailik sought such a "national interest waiver" under 8 U.S.C. § 1153(b)(2)(B).

Mikhailik's petition was denied by the California Service Center of the USCIS on January 9, 2003.  Mikhailik appealed to the Administrative Appeals Office (AAO), which denied his petition on February 6, 2004. Administrative Appeals Office Decision Re: WAC0206253149, dated 2/6/04 (hereinafter, "AAO Decision").  Mikhailik filed this action on March 5, 2004.  USCIS moved to dismiss this action on the basis that the Court lacked subject matter jurisdiction to review its decision, and the Court issued its order denying USCIS's motion to dismiss on October 1, 2004.  Mikhailik now moves the Court for summary judgment to overturn the decision of the AAO.  USCIS cross-moves for summary judgment, requesting that the Court uphold its denial of Mikhailik's petition.

## LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

\\\

## DISCUSSION

This review of the USCIS's determination is made pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq. The scope of review made by the reviewing Court, as provided in 5 U.S.C. § 706, states, in relevant part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall-- * * * (2) hold unlawful and set aside agency action, findings, and conclusions found to be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

5 U.S.C. § 706(2) (A). Accordingly, this Court's review is limited in nature.

Mikhailik challenges the USCIS's interpretation of the Immigration and Nationality Act ("INA") as articulated in the USCIS's decision in his case. The decision of the USCIS is an agency adjudication that is afforded deference under *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *See Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 970 (9th Cir. 2003) (stating that "[d]ecisions made by the BIA are agency adjudications entitled to *Chevron* deference when deference is otherwise due"); *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999) (stating that "the BIA should be accorded *Chevron* deference as it gives ambiguous statutory terms concrete meaning through a process of case-by-case adjudication"). The Court is also mindful that "judicial deference to the Executive Branch is especially appropriate in the immigration context where officials exercise especially sensitive political functions that implicate questions of foreign relations." *Aguirre-Aguirre*, 526 U.S. at 425 (internal quotations omitted).

The *Chevron* inquiry is a two-step process: (1) whether "the statute is silent or ambiguous with respect to the specific issue;" and if so (2) whether the agency's interpretation is based on a permissible construction of the statute. 467 U.S. at 843. Under *Chevron*, "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Chevron* at 844. *See also United States v. Mead Corp.*, 533 U.S. 218, 229 (2001) (the reviewing court must not reject an agency interpretation simply because the court would have interpreted the statute otherwise).

Following Chevron, this Court first looks to the relevant statutory language. The national interest waiver provision contained in § 1153(b)(2)(B) of the Immigration and Nationality Act states:

> The Attorney General may, when he deems it to be in the national interest, waive the requirement of subparagraph (A) that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States. 8 U.S.C. § 1153(b)(2)(B).

As the Court noted in its previous order in this case, the statute itself provides no legal standard or guidelines regarding the meaning of "the national interest" that would assist a court in reviewing an administrative decision. In other words, "Congress has not directly addressed the precise question at issue," *Chevron* at 843, and the first prong of *Chevron* is satisfied.

In opposing the defendants' motion to dismiss, Mikhailik argued -- and this Court agreed -- that while the statute provided no legal standard regarding the meaning of the "national interest," a meaningful standard was provided by the precedent decision of the USCIS's Administrative Appeals Office (AAO) in the case of *In re New York State Dept of Transportation*, 22 I. & N. Dec. 215, 1998 BIA LEXIS 26, Interim Decision No. 3363 (Aug. 7, 1998) (hereinafter, "NYSDOT"). In his present motion for summary judgment, however, Mikhailik takes a different view of this USCIS precedent decision. Mikhailik argues that NYSDOT itself is an unreasonable and impermissible interpretation of the INA and constitutes an abuse of decision. On this basis, Mikhailik argues that the USCIS's application of NYSDOT to his case also constitutes an abuse of discretion.

Indeed, Mikhailik argues that the NYSDOT test is so illogical and irrational that it is impossible for any applicant to satisfy and that it can thus be expected to result in "capricious and irrational" agency adjudications. Mikhailik claims, for example, that the test requires the petitioner to prove a negative and an impossibility by requiring him to show that the national interest would be adversely affected if a waiver is not granted; that the test embodies circular reasoning because it requires that petitioner show that the national interest would be adversely affected if the waiver is not granted as part of proving that it is in the national interest to grant the waiver; that the test establishes such a high standard that it is duplicative with other statutory provisions concerning aliens with "extraordinary ability"; that the test requires an irrelevant showing that petitioner will benefit his "field of endeavor"; and that the test's requirement that the benefit be national in its geographic scope is illogical.

Mikhailik's logical acrobatics are not well-taken. Looking to the second prong of *Chevron*, "[t]he question for the court is whether the agency's answer is based on a permissible construction of

4

the [regulation]." *Chevron* at 843. The Immigration and Nationality Act "commits the definition of the standards in the Act to the Attorney General and his delegate in the first instance, and their construction and application of these standard[s] should not be overturned by a reviewing court simply because it may prefer another interpretation of the statute." *INS v. Rios-Pineda*, 471 U.S. 444, 451 (1985) (quotation marks omitted). Because the statute is silent on the meaning of the "national interest" this Court must affirm the USCIS's interpretation if it is based on a reasonable construction of the statute. *Chevron*, 467 U.S. at 843. Reasonableness is evaluated in terms of both the text of the statute and compatibility with the Congressional purpose behind the statute. *See, e.g.*, *Continental Air Lines, Inc. v. Department of Transportation*, 269 U.S. App. D.C. 116, 843 F.2d 1444, 1449 (D.C. Cir. 1988).

In NYSDOT, the AAO set forth three factors that must be considered when evaluating a request for a national interest waiver.

> First, it must be shown that the alien seeks employment in an area of substantial intrinsic merit… Next, it must be shown that the proposed benefit will be national in scope… The final threshold is… specific to the alien. The petitioner seeking the waiver must persuasively demonstrate that the national interest would be adversely affected if a labor certification were required for the alien.

NYSDOT at 217. The standards set forth in NYSDOT are not inconsistent with the statute that it interpreted. The first and second factors direct attention to the scope of the benefit and the degree of the intrinsic merit of the area in which the alien seeks employment. The national interest is implicated when the scope is national and the degree of merit is substantial. Together, these factors provide a reasonable interpretation of what Congress intended when it created the national interest waiver.

The third factor requires a showing that the national interest would be adversely affected if a labor certification were required. Most of Mikhailik's criticisms are directed at this factor. With respect to this factor, NYSDOT states "[t]he petitioner must demonstrate that it would be contrary to the national interest to potentially deprive the prospective employer of the services of the alien by making available to U.S. workers the position sought by the alien." *Id.* at 217-18. NYSDOT then explained that the labor certification process serves the national interest by protecting the job opportunities of US workers and that to obtain an exemption from this process, an alien "must present

5

a national benefit so great so as to outweigh the national interest inherent in the labor certification process." *Id.* at 218.  This factor is a reasonable interpretation of the text and structure of the statute. The provision 8 U.S.C. § 1153(b)(2)(A), which immediately precedes the national interest waiver, states that visas shall be made available to qualified immigrants who not only have advanced degrees or exceptional ability but also whose services are sought by a US employer.  Congress's purpose in including the national interest waiver provision was to allow for some exceptions to the requirement that an alien's services be sought by an employer.  Requiring that the national interest is granting the waiver be greater than the national interest in requiring the labor certification is a reasonable interpretation of Congressional purpose.

      Applying the test set forth in NYSDOT to Mikhailik's petition, the AAO found that Mikhailik did not meet the standard for a national interest waiver.  Mikhailik, who has a Ph.D. in mathematics, sought a national interest waiver to work "in the area of database marketing of financial products for small businesses." AAO Decision at 3.  He asserted that his models had been used to provide financial services to a large number of small business customers in the US and Canada, generating "tens of millions of dollars in revenue" for the financial institutions that were using them.  *Id.*  Letters were submitted in his behalf by supervisors and co-workers as well as by various experts who did not know Mikhailik personally but who had reviewed his accomplishments.  *Id.* at 3-4. The AAO acknowledged that the evidence submitted by the petitioner indicated that Mikhailik had been very successful at securing new clients for the financial companies that employed him, but did not "amount to objective evidence that the petitioner's work in this regard has been in the national interest, as opposed to the interest of his employers and their clients." *Id.* at 4.  The Court finds that the USCIS's interpretation of the INA as embodied in its decision in NYSDOT and in Mikhailik's case is a permissible construction of the regulation.

      Mikhailik asserts that "it is logically impossible for any foreign national to qualify under NYSDOT's test." The Court observes, however, that the USCIS does not find the standard that it has set forth to be impossible to meet.  Of 239 petitions submitted to the USCIS's California Service Center from January 2005 through March 2005, 190 of them were approved.  Decl. of Wendy Williams ¶¶ 3-4.

CONCLUSION

For the foregoing reasons, the plaintiff's motion for summary judgment is DENIED and defendants' cross-motion for summary judgment is GRANTED. The hearing set for May 12, 2005 is VACATED, and the clerk shall close the file.

**IT IS SO ORDERED.**

/s/

Dated: May 4, 2005

FERN M. SMITH
UNITED STATES DISTRICT JUDGE